

# NUMBER 13-20-00523-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

### IN THE GUARDIANSHIP OF LEON R. BERNSEN, SR., AN INCAPACITATED PERSON

---

### On appeal from the County Court at Law No. 5 of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina

Ford + Bergner LLP, Don D. Ford III, and Kenneth A. Krohn (collectively "the movants") attempt to appeal the trial court's order disqualifying them from representing Stephen Livingston, Dianna Bernsen, and Leon Bernsen Sr. Because this order is not an appealable order, we dismiss for want of jurisdiction. *See* TEX. R. APP. P. 43.2.

Upon review of the documents before the Court, it appeared that the order from which this appeal was taken was not an appealable order. On December 7, 2020, the Clerk of the Court notified the movants that their notice of appeal was defective because

they were "attempting to appeal an order which is not a final appealable order." *See* TEX. R. APP. P. 42.3 (a), (c). We further notified the movants that unless they cured the defect or before December 17, 2020, this appeal would be dismissed. The movants have not cured the defect.

In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *Lehmann v. HarCon Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In this regard, orders disqualifying counsel are not subject to appeal. *See In re Guar. Ins. Servs., Inc.*, 343 S.W.3d 130, 132 (Tex. 2011) (orig. proceeding) (providing that where the trial court has abused its discretion in disqualifying counsel, there is no adequate remedy by appeal and mandamus relief is warranted); *Capital Mgmt., L.P.*, 164 S.W.3d 379, 383 (Tex. 2005) (per curiam) ("Mandamus is the appropriate method to correct a trial court's erroneous order disqualifying counsel because there is no adequate remedy by appeal.").

The Court, having fully reviewed and considered the documents herein, concludes that the order appealed from fails to invoke our appellate jurisdiction and is of the opinion that the cause should be dismissed. The appeal is hereby dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JAIME TIJERINA
Justice

Delivered and filed on the
25th day of February, 2021.

2